## 55577. SOUTHERN CLASSIC PROPERTIES, INC. et al. v. MAYOR & ALDERMEN OF THE CITY OF MILLEDGEVILLE et al.

QUILLIAN, Presiding Judge.

This appeal was taken from an order of the trial judge dismissing the appellants' complaint seeking a declaratory judgment. The litigation arose out of the effort of the appellants to secure the rezoning of certain property located in the City of Milledgeville. On September 24, 1976, appellants filed a petition requesting that the city's zoning ordinance be amended so as to change the use district of certain property from residential to general business. A public hearing was held on the application before the mayor and aldermen of the city on October 21, 1976, after which an ordinance passed approving the rezoning application. Thereafter, on October 27, 1976, the mayor, acting pursuant to the existing charter provisions, vetoed the rezoning ordinance.

At that time under the applicable statutory provisions, the veto of the mayor could be overridden by a vote of four members of the city council. Ga. L. 1976, pp. 2820-2823. No time was specified within which the veto could be overridden. The provisions of the charter of the City of Milledgeville regarding the procedures for the veto of resolutions of the council and the provisions for overriding such vetoes were amended by an Act effective March 23, 1977. The amendment imposed a time limit on the power of the council to override the veto of the mayor by stating that such action had to be taken "at the next regular meeting held by the Council after such veto and at which a quorum is present." Ga. L. 1977, p. 3201.

According to the complaint, the rezoning matter was discussed at subsequent meetings of the council. By a letter dated April 22, 1977, appellants specifically requested that the council consider at its May 3, 1977, meeting the question of overriding the mayor's veto with

regard to the rezoning application. This rezoning question was reconsidered at the May 3, 1977, meeting; however, it was not until the meeting of May 12, 1977 that members of the council passed a resolution overriding the veto of October 27, 1976. The mayor, presiding at the meeting, declared the action of the council to be out of order and, thereafter, the city attorney rendered a written legal memorandum expressing an opinion that the attempted override of the mayor's veto by council was void.

The plaintiffs' complaint sought a declaration that the effective zoning classification of the property in question is now "general business." The matter came on for hearing on the motions to dismiss of the defendant city and certain intervenors. The trial judge dismissed the complaint on the pleadings based upon a finding that (1) plaintiffs' complaint failed to show that any final contrary action was taken by the city council to appeal and overrule the parliamentary ruling by the mayor declaring the attempted action at the May 12, 1977, meeting to override his veto to be out of order and (2) under the provisions of Ga. L. 1977, p. 3201, the time for action to override the mayor's veto had expired prior to any attempted action by the council to do so. *Held:*

No constitutional attack is made with regard to Ga. L. 1977, p. 3201. Nevertheless, the appellants contend that to apply such Act under the facts of the case sub judice would be to give it a retrospective application contrary to constitutional principle.

Prior to the enactment of the statute, the council passed a resolution providing as to the proposed legislation regarding overriding vetoes. It contained language that "vetoes now outstanding are not affected by this amendment to the charter." This provision was not included in the subsequent statute when it became law. This is certainly an indication of legislative intent that outstanding vetoes would be controlled by the statute. Hence the statute of March 23, 1977, can be reasonably construed to set up a cut-off date for overriding vetoes. That is, the first meeting after the enactment of the statute would be the time at which any vetoes prior thereto could be overridden. Thus construed, the statute would have no retroactive or retrospective application

and instead would be given an interpretation which in no way would render it unconstitutional.

In the present posture of this case, we find that the trial judge correctly dismissed the action for declaratory judgment.

*Judgment affirmed. Webb and McMurray, JJ., concur.*

SUBMITTED APRIL 5, 1978 — DECIDED MAY 9, 1978 — REHEARING DENIED JUNE 9, 1978.

*J Edward Hall,* for appellants.

*James E. Peugh, Robert H. Herndon,* for appellees.